## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FREDDIE MITCHELL,

                Plaintiff,

   vs.

F. GREEK BRISTOL PROPERTIES, L.P.
AND H.T. SWEENEY & SON, INC.

                Defendants.

Docket No. :

### COMPLAINT

Plaintiff, Freddie Mitchell, residing at 331 Walnut Avenue, Trenton, NJ, by way of Complaint against the Defendants, says:

### COUNT I

1. Plaintiff, Freddie Mitchell, is an individual, who at all time material hereto lived at 331 Walnut Ave., Trenton, NJ.

2. Upon information and belief, and at all times relevant herein, the Defendant, F. Greek Bristol Properties, L.P. is a limited partnership duly licensed to do business in the Commonwealth of Pennsylvania, with a principal place of business located at 242 Runway Drive, Levittown, PA 19057.

3. Upon information and belief, and at all times relevant herein, the Defendant, H.T. Sweeney & Son, Inc., was a corporation duly licensed to do business in the Commonwealth of Pennsylvania, with a principal place of business located at 308 Dutton Mill Road, Brookhaven, PA 19015. At all times relevant hereto, it is believed, and therefore averred, that defendant H.T. Sweeney & Son, Inc., had a

contract with F. Greek Bristol Properties, L.P., for snow removal and related activities at F. Greek Bristol Properties, L.P.'s facility in Levittown, PA.

4. Federal jurisdiction is based upon diversity of citizenship, 28 U.S.C. Section 1332(a)(1) in that the Plaintiff is a citizen of New Jersey and Defendants are Pennsylvania limited partnerships, companies and/or corporations.

5. Venue is based upon 28 U.S.C. Section 1391(a), as the events and/or omissions giving rise to the claim occurred and/or substantial part of property that is subject to the action is situated within the judicial district of this court.

6. The Plaintiff's damages exceed the minimum jurisdictional amount required ($75,000) but do not exceed the arbitration limit ($150,000), and a jury trial is demanded.

7. At all times material hereto, Defendants owned, controlled, possessed, maintained and operated, through its agents, servants, employees, and/or franchisees, the aforementioned premises and were responsible for the removal of ice and snow and to keep the premises clear of same.

8. On or about February 23, 2015, Plaintiff was at the above premises in the course and scope of his employment with Organic Recycling, when he was caused to slip and fall as the result of an accumulation of ice and/or snow on the premises, which created a dangerous and hazardous condition.

9. Plaintiff's injuries were caused by the negligence and carelessness of Defendants through Defendants' agent(s), servant(s), employee(s), and/or people under their control in that:

(a) Defendants failed to exercise reasonable care in the maintenance and care of the aforementioned premises;

(b) Defendants failed to take adequate steps to warn individuals such as Plaintiff of a slippery and hazardous condition that existed on the premises;

(c) Defendants failed to properly maintain or cause to have maintained the aforementioned premises and allowed a dangerous condition to exist for an unreasonable amount of time;

(d) Defendants failed to install or utilize proper maintenance procedures to prevent hazardous conditions and to assure a safe walking surface existed;

(e) Defendants allowed to exist on its property a hazardous condition, which it knew, or in the exercise of due care and diligence should have known existed;

(f) Such other acts of negligence, unknown to Plaintiff, as may be learned during the course of discovery.

10.     Solely as a result of Defendants' aforesaid negligence, Plaintiff sustained injuries in and about his head, body and extremities, which injuries are or may become serious, severe, and permanent.

11. As a result of his injuries Plaintiff was to seek and receive extensive treatment.

12. Plaintiff also sustained a significant loss of earnings for the period of time he was out of work as a result of the accident.

13. Plaintiff has suffered and may continue to suffer great physical pain, serious and permanent injury and mental anguish; has been and may continue to be prevented

from attending to Plaintiff's usual activities, duties, and occupations; has suffered and may continue to suffer a loss of earnings and earning capacity; and has incurred and may continue to incur various medical expenses in and about an effort to cure Plaintiff of the aforesaid injuries and has otherwise expended monies in an effort to remediate the injuries and/or damages caused by the negligence of Defendants.

14. By reason of his injuries, Plaintiff has been prevented from pursuing his daily activities and customary duties and enjoyment from the pleasures of life and may be prevented from doing so in the future, to his great detriment and loss.

15. The injuries and damages sustained by Plaintiff, as set forth above, were the sole proximate result of the aforesaid negligence of Defendants, and the result of an action or failure to act on the part of Defendants.

16. As a result of the accident and resulting injuries, plaintiff's employer's workers compensation insurance carrier has asserted a lien of $120,076 for medical bills and indemnity paid to or on behalf of the plaintiff.

**WHEREFORE**, Plaintiff, Freddie Mitchell, demands judgment against the Defendants for compensatory damages together with interest and costs of suit.

Law Offices Of Kamensky ◆Cohen & Riechelson

DATE: 3/21/16

BY: K. Riechelson

Kevin Riechelson, Esquire
I.D. #58960
Attorneys for Plaintiff
194 South Broad Street
Trenton, N.J.  08608
**Attorneys for Plaintiff**